[No. 1501. Decided March 2, 1895.]

## MARY A. SAYLOR, *Respondent*, v. THE CITY OF MONTESANO, *Appellant*.

MUNICIPAL CORPORATIONS — LIABILITY FOR IMPROPER CONDITION OF STREETS — NOTICE TO CITY — NEGLIGENCE — QUESTION FOR JURY — EVIDENCE — ADEQUACY OF VERDICT.

Cities of the third class, organized under the general law of this state governing municipal corporations, are liable in damages for injuries arising from defects or obstructions in the streets, although the law does not specifically provide for such liability. ( *Sutton v. Snohomish, ante,* p. 24, followed.)

A complaint in an action against a city to recover for injuries received by plaintiff's horse by reason of loose planks and sticks having been placed in the street, sufficiently alleges the negligence of the city when it states that the street commissioner placed the planks or sticks in the street, that they were negligently allowed to remain there by the city for several days prior to the accident, and that the city had, or should have had, notice that they were in the street at the time of the accident.

Knowledge on the part of the city's street commissioner of obstructions in a street is notice to the city of its condition.

The questions of whether a street is in proper repair and safe for ordinary travel, and whether plaintiff was exercising due care in traveling thereon, are questions of fact to be determined by the jury, and their findings will not be disturbed unless absolutely unsupported by the evidence.

The refusal of the court to permit a certain map to be introduced in evidence in an action for damages for injuries caused by an obstruction in a street, is not prejudicial error, when another map showing the location of the street and its surroundings is admitted in evidence at the instance of defendant.

In such an action, evidence of the policy of the city in improving its streets a certain width for travel is immaterial.

A verdict for one dollar in an action for damages will not be disturbed upon the objection of appellant that the testimony shows respondent was entitled to a much larger sum if entitled to recover at all.

*Appeal from Superior Court, Chehalis County.*

*Austin E. Griffiths,* for appellant.
*Linn, Bridges & McKinlay,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—While the respondent was driving up to the sidewalk on D street, one of the principal thoroughfares in the city of Montesano, for the purpose of taking a person into her carriage, her horse stepped upon one end of a piece of plank, which, with other sticks and rubbish, was lying several feet from the walk, thereby causing the other end to suddenly rise and penetrate its body to such an extent that it soon after died from the effects of the injury. She presented her claim for damages thus sustained to the city council, but that body refused to pay the same, or any part thereof. Thereafter she sued the city for the value of the horse and expenses incurred in endeavoring to cure it, basing her action on the negligence of the city in causing and permitting the piece of plank which caused the injury to be and remain in the street. A demurrer to the complaint was overruled, whereupon the city answered, denying the allegations of the complaint generally, and setting up affirmatively that D street was in safe condition for travel by all persons exercising reasonable care; that if there were any sticks in the street at the time mentioned in the complaint, they did not constitute a defect therein nor an obstruction to travel; that the sticks were few in number and from six inches to four feet in length, and were not lying on the traveled portion of the street but near the sidewalk ten or twenty feet from the traveled portion of it and in plain view of any person traveling on D street; that plaintiff left the traveled portion of the street and drove over the unused side thereof and over the sticks mentioned, without cause, and that the city had no notice that the sticks were there, and authorized no one to put them there. The plaintiff

denied the new matter of the complaint, and upon the issues joined a trial was had, resulting in a verdict and judgment for plaintiff, from which judgment the defendant prosecutes this appeal.

The appellant is a city of the third class, organized and existing under and by virtue of a general law of this state. That law does not specifically make such cities liable in damages for injuries arising from obstructions or defects in the streets; hence, it is assumed that such an action as the one at bar cannot be maintained, and it is therefore asserted that the demurrer to the complaint should have been sustained.

This question was presented for our determination in the recent case of *Sutton v. Snohomish, ante*, p. 24, and we there came to a conclusion at variance with the position here attempted to be maintained by the appellant. In the decision in that case we adhered to the doctrine announced by our territorial supreme court in *Hutchinson v. City of Olympia*, 2 Wash. T. 314 (5 Pac. 606), and by the supreme court of the United States in *Barnes v. District of Columbia*, 91 U. S. 540, and in other cases; in fact, as we think, by the majority of the courts of the states outside of New England, and it is not necessary to here reiterate what was there said.

Judge DILLON, after an exhaustive review of the authorities upon this subject, expresses the conclusion reached by him as follows:

" But where the duty to repair is not specifically enjoined, and an action for the damages caused by defective streets is not expressly given, still both the duty and the liability, if there be nothing in the charter or in legislation of the state to negative the inference, have often, and in our judgment, properly, been deduced from the intrinsic nature of the special powers conferred upon the corporation to open, grade, improve, and exclusively control public streets within

their limits, and from the means which, by taxation and local assessments, or both, the law places at its disposal to enable it to discharge this duty." 2 Dill. Mun. Corp. § 1018.

The motion for a non-suit was, in our judgment, properly denied. The grounds of the motion, exclusive of those which were included in the demurrer, were, (1), that upon the pleadings the defendant was entitled to recover; and (2), that the plaintiff failed to make a case for the jury.

In respect to the first proposition, it is claimed that the respondent based her cause of action upon the alleged negligent act of the street commissioner in putting the alleged obstruction in the street; and it is insisted that in no event is the city liable for the negligence of such officer.

We think, however, that the city is liable for the negligent acts of its street commissioner done in the discharge of his official duties, but, whether it is or not, it certainly is liable for its own neglect of duty. An examination of the pleadings discloses that the respondent not only alleged that the street commissioner placed the planks or sticks in the street, but that they were negligently allowed to remain there by the city for several days prior to the accident, and that the city had, or should have had, notice that they were in the street at the time of the accident. We cannot, therefore, say that the cause of action was based upon the negligence of the street commissioner any more than it was upon that of the city itself, and consequently we are unable to concede that the city should recover upon the pleadings.

In regard to the second proposition, we are of the opinion that the position of the appellant is not tenable. Appellant claims that it was not proved that the

city had notice, either actual or constructive, but, as we construe the evidence, it proves· actual notice. Notice to the street commissioner, upon whom was imposed the duty of keeping the streets in proper condition, was notice to the city. And the street commissioner himself testifies that, two or three days before the accident in question occurred, he took several pieces of broken planks or sticks from the sewer under the sidewalk, and put them together near the sidewalk at about the place where the plaintiff's horse was injured. It is true he said he did not remember the particular piece which caused the injury, but he did not say that it was not one of those he took from the sewer, and it does not appear that there were any such sticks elsewhere .on the street in that vicinity at the time of the accident, or before. He further testified as follows: "It was muddy. I was waiting for better weather to come, as I did not always take them away unless there was enough to pay to hire a team. When any trash stopped the sewer up, I generally piled it up beside the walk until there was enough at different places to pay." From this language it appears that the street commissioner not only had notice that this "trash" was in the street, but that he did not deem it proper for him to permit it to remain there, as he was intending to remove it at some convenient time, or when it would "pay" to do so. That the public had a right to have that street kept at all times in a reasonably safe condition for travel in the ordinary modes, regardless of the convenience or inconvenience of the street commissioner, seems to have been entirely forgotten until it was too late to prevent the injury complained of.

It is also claimed that the evidence shows want of due care on the part of the respondent, but that was one of the questions presented to, and determined by,

the jury. All that was required of the respondent was the exercise of ordinary care, and the fact that while driving upon the street she failed to discover these sticks until her horse stepped upon them would not of itself, as matter of law, constitute negligence. The city had improved the street and left it open to the public throughout its entire width. It was graveled from the center outward for the greater part of the distance to the sidewalk, and was comparatively level, and its surface was in proper condition for usual travel, from sidewalk to sidewalk. Under these circumstances it was the duty of the city to keep the whole of it in a safe condition for passage. Elliott, Roads and Streets, p. 455; Jones, Neg. Mun. Corp., p. 147.

It is likewise claimed by the learned counsel for the appellant that this collection of broken planks and sticks did not constitute a defect or obstruction in the street, and was not dangerous to travel, as it was lying on a portion of the street not usually traveled, and which it was not the duty of the city to keep in repair and free from obstructions and defects. That this particular portion of the street was not in a safe condition was demonstrated by what actually happened thereon. Respondent not only had a right to drive over any portion of the street but a right to expect that all portions of it were in a safe condition for ordinary use.

Whether a particular thing constitutes a defect or obstruction or is dangerous to travel does not depend altogether upon its size. Small objects as well as large ones may render a street unsafe, and hence cities have frequently been held liable for injuries caused by loose cobble stones. In *Hazard v. City of Council Bluffs*, 87 Iowa, 51 (53 N. W. 1083), the defendant city was made to respond in damages for injuries to a horse caused

by stepping upon a brick-bat which was in a pile of rubbish on the street.

Ordinarily, the question of whether a street is in proper repair and safe for ordinary travel is a question of fact to be determined by the jury, and when so determined their finding will not be disturbed, unless absolutely unsupported by the evidence.

Error is alleged upon the refusal of the court to permit a certain map to be introduced in evidence at the trial, but inasmuch as another map, showing the location of the street and its surroundings, was admitted in evidence at the instance of the defendant, we see no prejudicial error in the ruling of the court.

The appellant undertook to prove by the mayor the policy of the town in respect to the width of its streets which were graded, or graveled and made fit for travel. The court rejected the evidence, and, as we think, rightfully. The policy of the town as to improving its streets was immaterial, the question being what was actually done and what was the condition of the street at the particular time and place in question.

It is further objected that the court erred in instructing the jury, and also in refusing to instruct as requested by appellant. But, in our opinion, the court properly refused to give the instructions requested, as those given covered the whole case and fairly presented the law to the jury. If the instructions are open to criticism at all, it is that they were more favorable to the city than it was entitled to have given.

The jury returned a verdict in favor of the respondent for the sum of one dollar. Appellant claims this verdict is not supported by the evidence for the reason that the testimony shows that the respondent was entitled to a much larger sum, if any; but we do not

think that we would be justified in disturbing the verdict of the jury upon this ground.

The judgment is affirmed.

DUNBAR and SCOTT, JJ., concur.

HOYT, C. J., dissents.