[No. 4226.  Decided March 25, 1903.]

FRANK D. GALLAGHER et ux., Respondents, v. TOWN OF
BUCKLEY, Appellant.

CONTRIBUTORY NEGLIGENCE — BURDEN OF PROOF.

In actions for negligence contributory negligence is an affirmative defense, placing the burden of proof upon defendant to establish it.

MUNICIPAL CORPORATIONS — DEFECTIVE STREETS — DUTY AS TO ENTIRE
    WIDTH — INJURY TO TRAVELER.

Conceding that it is the duty of a municipal corporation to keep only the traveled portion of a highway in repair, yet a charge to the jury that one traveling upon the street of a town, without any notice of a defect therein, has a right to presume that it is reasonably safe for ordinary travel throughout its

entire width, would be no more than harmless error, where the evidence did not show that plaintiff's team, in running into a hole in the highway, left entirely that portion of the street which was ordinarily traveled.

TRIAL — INSTRUCTIONS — CURING ERROR.

Error of the court in charging the jury as to permanent injuries to plaintiff in an action to recover for personal injuries in which no claim was set up for permanent injuries, was cured by the court's later instruction to disregard what had been said by him as to permanent injuries and his explanation to the jury that no claim for such injuries was involved in the case.

SAME — ARGUMENT TO JURY — READING FROM LAW BOOKS.

The fact that plaintiff's counsel, in a personal injury case, read to the jury an opinion of the supreme court in a similar case will not be regarded as prejudicial error, when the opinion read was in accord with the law as given by the court to the jury, and when there is nothing to show that the jury may have been misled or the defendant in any way prejudiced thereby.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM O. CHAPMAN, Judge. Affirmed.

*A. R. Titlow,* for appellant.

*F. R. Baker,* for respondents.

The opinion of the court was delivered by

HADLEY, J.—This suit was brought by respondents, who are husband and wife, against appellant, a municipal corporation of the fourth class. The action is for the recovery of damages for personal injuries alleged to have been received by respondent Ada May Gallagher by reason of a defective street within the limits of the appellant corporation. A trial was had before a jury, which resulted in a verdict in favor of respondents for the sum of $1,250. Appellant moved for a new trial, which was denied, and judgment was thereafter entered for the amount of the verdict and for costs. This appeal is from said judgment. The facts and circumstances from which this case arose

are the same as those in case No. 4,259, *Shearer v. Town of Buckley, ante,* p. 370 (72 Pac. 76). Respondent Ada May Gallagher is the lady who is mentioned in the opinion in the above case as the driver of the team at the time the accident occurred. The nature of the issues and the facts developed by the evidence are discussed at some length in that case, and we deem it unnecessary to repeat them here. A number of the errors and legal questions presented by the case at bar were decided in the former case, and we shall not discuss them again here. Some additional questions raised in this case we shall, however, discuss.

It is assigned as error that the court refused to instruct that the burden of proof was upon the respondents to show that respondent Ada May Gallagher was using ordinary care under all the circumstances which were open and apparent to her at the time of the accident. The instruction asked places the burden of proof as to contributory negligence upon the plaintiff in the case. There is conflict of authority as to where the burden of proof lies on this subject, but this court early adopted the rule that contributory negligence is an affirmative defense, and that the burden of proof is upon the defendant. *Spurrier v. Front Street Cable Ry. Co.,* 3 Wash. 659 (29 Pac. 346). The trial court instructed in accordance with the rule of the above case, and therefore did not err in refusing the instruction asked.

It is assigned that the court erred in instructing the jury to the effect that one traveling upon the street of a town, without any notice of a defect therein, has a right, when using due diligence and care, to presume, and to act upon the presumption, that it is reasonably safe for ordinary travel throughout its entire width, and free from all dangerous holes or other defects. Appellant urges that the

duty to keep in repair so as to meet the reasonable demands of ordinary travel extends only to the traveled path, and not to the entire width of the street. There is conflict of decision upon this subject. Elliott on Roads & Streets (2d ed.), § 621, states the general rule applying to county roads to be that the duty to keep in repair extends only to the traveled path or portion of the way in actual use, provided it is wide enough to be safe. In the same connection, however, the learned author says:

"But it would seem, on principle, that where a city has once improved a street, and leaves it open to the public throughout its entire width, the whole of it must be kept in repair."

Many cases are cited in support of the above statement of the text. Thus a distinction appears to be drawn between county roads and streets. This court announced its adoption of the above-stated rule as applying to improved streets in *Saylor v. Montesano*, 11 Wash. 328 (39 Pac. 653). It is not very clear from the record in this case whether the street in question was ever improved in any manner for its full width or not; but it is clear that at least a portion of it was open to travel, and that the accident under consideration occurred immediately at the foot of an inclined planked way leading down into the street from the planked way of the main thoroughfare of the town. This inclined bridgeway afforded the only means for getting into the street from said main thoroughfare, and the muddy and dangerous hole where the accident occurred was just at the end of the incline. There was some evidence that the team was driven in a diagonal direction, and guided to the left of a straight course, in the effort to avoid what was supposed to be a worse place, but there was no evidence that they left entirely that portion of the

street which was ordinarily traveled. Certainly a traveler approaching a place of that character must be accorded the right to turn either to the right or to the left in a reasonable effort to avoid an apparently dangerous place which lies immediately in the direct way. Whether this particular street had been so improved that the duty was cast upon the appellant to keep it in repair the entire width, we do not now decide, for want of sufficient facts. But, whatever may be said of the abstract proposition of law included in the instruction criticised, we think it could not have misled or confused the jury in this case, for the reason, as we have seen, that no evidence showed the team to have been driven away from the traveled part of the street; and it is conceded that the traveled portion should be kept in repair. The instruction, under the evidence, could therefore in any event amount to no more than harmless error.

Error is urged in that the court referred to permanent injuries in an instruction, whereas no claim is made in the complaint for permanent injuries. It is claimed that the jury may have been misled thereby. At the conclusion of the instructions, respondents' counsel called the court's attention to this error, and thereupon, before the jury retired, the court instructed them to disregard what had theretofore been said as to permanent injuries, and fully explained that no claim for such injuries is involved in the case. The latter instruction cured the error, and no reason for reversal now exists under this assignment of error.

It is assigned that the court erred in permitting respondents' counsel to read from a law book in his argument to the jury. Counsel states that the entire opinion in *Laurie v. Ballard*, 25 Wash. 127 (64 Pac. 906), was read. Ref-

erence is made to the discussion upon this subject in *State v. Coella,* 3 Wash. 99 (28 Pac. 28). A somewhat extended discussion is to be found in that opinion. But counsel here insist that it is dictum, and not decisive of any point really involved. We will not now enter upon an analysis of that case to determine how decisive it may be of the point raised here. But it is not improbable that what was said there may have influenced the trial court in the case at bar to permit such reading. It is sufficient to say that the practice of reading from law books to the jury, in jurisdictions where the jury are the judges of the facts alone, and must accept the law as given by the court, is generally criticized and even condemned. It has been often held to be reversible error. We do not approve the practice, and yet we are not prepared to say that a case should be reversed for that reason alone, unless it is manifest that prejudicial effects resulted therefrom. While denouncing the practice, yet the courts in the following cases refused to reverse on that ground where prejudicial effects did not clearly appear: *Steffenson v. Chicago, M. & St. P. Ry. Co.,* 48 Minn. 285 (51 N. W. 610); *Boltz v. Town of Sullivan,* 101 Wis. 608 (77 N. W. 870). In the last named case the court, at page 874, says:

"We disapprove of it, yet it is one of many matters liable to occur in trials, which, though out of harmony with correct methods, do not warrant punishing parties by reversing their judgments. This court can go no further in such situations than to express disapproval and hold the error harmless, leaving trial courts to make their own standard of strictness as to the observation of settled rules and methods of procedure in conducting trials, so long as no substantial right of a complaining party be injuriously affected thereby."

We heartily concur in what is said by the Wisconsin

court, and since, as far as we are advised, the only opinion read upon the trial of the case at bar was in accord with the law given by the court to the jury, we do not see that the jury may have been misled or that appellant was prejudiced thereby. It is urged that the reading of the facts and of the amount of the judgment as having been unreversed by this court may have had the effect to increase the amount of the verdict here. We will not presume so from anything that appears in the record. The jury were carefully instructed that they must look alone to the evidence in this case as the basis of any verdict they should find. We shall presume they did so, under the record.

We have discussed what we believe to be the essential questions in this case not already decided in *Shearer v. Buckley, supra*. Since we think no prejudicial error was committed, the judgment is affirmed.

ANDERS, DUNBAR and MOUNT, JJ., concur.