MEISNER, RESPONDENT, v. CITY OF DILLON,
APPELLANT.

(No. 1,687.)

(Submitted October 17, 1903.   Decided November 9, 1903.)

*Municipalities—Defective Street — Personal Injuries—Proximate Cause—Instructions—Question for Jury—Contributory Negligence.*

1.  A city is liable where, without any negligence on the part of the driver, his horse takes fright and runs away and comes in contact with a defect in the street which the city negligently failed to repair, if the injuries would not have been sustained but for the defect.

2.  Where it was shown that one of the principal streets of a city was about sixty feet wide, and there was nothing indicating that it was not open to public travel throughout its entire width, the question whether the portion of the street in repair was of sufficient width to render it reasonably safe was for the jury.

3.  Instructions that a city was bound to use all reasonable care to keep its streets in a safe condition for travel, and if it failed to do so it was liable for the injuries sustained in consequence thereof, if the party injured exercised reasonable care, but a city was not an insurer of the safety of its streets, properly presented the question whether the city was required to keep the entire width of a street in repair.

4.  The defense of contributory negligence in a personal injury action must be specially pleaded.

*Appeal from District Court, Beaverhead County; M. H. Parker, Judge.*

ACTION by Herman F. Meisner against the city of Dillon. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

STATEMENT OF THE CASE.

This action was brought by Herman F. Meisner against the city of Dillon to recover damages for personal injuries alleged to have been caused by the negligence of the defendant city.

The complaint alleges that the city of Dillon is a municipal corporation; that during July, 1899, it negligently permitted

a certain street crossing to be in an unsafe and dangerous condition; that on July 22, 1899, while the plaintiff was driving along the street over which the particular crossing extended, by reason of the dangerous and defective condition of the crossing he was thrown from his buggy, and received the injuries of which complaint is made. The prayer is for $5,210.50 damages.

To this complaint the defendant city filed this answer, omitting formal parts: "Denies each and every allegation in the said complaint contained, save and except such as are contained in the first, sixth and eighth paragraphs thereof."

The first paragraph of the complaint referred to alleges the corporate existence of the city of Dillon, the sixth alleges the presentation of plaintiff's claim to the city, and the eighth alleges its rejection by the city council before the commencement of this action.

The cause was tried to a jury, which returned a verdict for plaintiff for $550. The appeals are from the judgment entered for the amount of the verdict and costs and from the order denying defendant's motion for a new trial. Heretofore, on motion, the appeal from the judgment was dismissed.

*Mr. John G. Willis,* and *Mr. Edwin Norris,* for Appellant.

The plaintiff knew at the time, and had known for some time, the condition of the crossing; it was therefore his duty to, if possible, avoid the crossing and not pull his horse so that the defective part must of necessity be encountered.

Upon the question of contributory negligence, see: *Hearne* v. *Southern Pac. R. R. Co.,* 50 Cal. 482; *Robinson* v. *W. P. R. R. Co.,* 48 Cal. 409.

If plaintiff's negligence contributed to the accident, it is immaterial whether or not the defendant was guilty of negligence. (*Fleming* v. *Western Pac. R. Co.,* 49 Cal. 253.)

If the negligence of the plaintiff amounting to the want of ordinary care contributes proximately, in any degree, to the

injury, the plaintiff cannot recover. (*Robinson* v. *W. P. R. R. Co.*, 48 Cal. 409; *Strong* v. *S. & P. R. Co.*, 61 Cal. 326.)

Where there are two apparently proximate causes, the one deemed in law as proximate is the original or primary cause, that is to say, the originating and sufficient cause which sets the other in motion. (*Lapleine* v. *Morgan's L. & T. R. & S. Co.*, 1 L. R. A. 378.)

Where there is an originating cause to which the city did not contribute, the city is not responsible. (*White* v. *Riley Twp.*, 113 Mich. 295; *Moulton* v. *Sanford*, 51 Me. 127; *Perkins* v. *Fayette*, 68 Me. 152; *Smith* v. *Kanawha Ct.*, 33 W. Va. 713; *Worrilow* v. *Upper Chinchester Twp.*, 149 Pa. St. 40; *Kieffer* v. *Hummelstown*, 17 L. R. A. 304; *Herr* v. *Lebanon*, 16 L. R. A. 106; *Shaeffer* v. *Jackson Twp.*, 18 L. R. A. 100; *Titus* v. *Northbridge*, 97 Mass. 258; *Jackson* v. *Belleview*, 30 Wis. 250; *Bell* v. *Village of Wayne*, 48 L. R. A. 644; Elliott on Roads and Streets (2d. Ed.), Sec. 615; *Scanlan* v. *City of Cambridge*, 163 Mass. 91; *Brown* v. *Glasgow*, 57 Mo. 156; *Houfe* v. *Fulton*, 29 Wis. 296; *Ritger* v. *City of Milwaukee*, 99 Wis. 190; *Doak* v. *Saginaw*, 119 Mich. 883.)

The duty to keep in repair only extends to the road actually used for travel, provided it is wide enough to be safe, and is, in its actual condition, reasonably safe for travelers who use due care thereon. (*Tinsdale* v. *Norton*, 8 Metc. 388; *Smith* v. *Wendell*, 7 Cush. 498; *Morse* v. *Belfast*, 77 Me. 44; *Kelley* v. *Columbus*, 41 Ohio St. 263; *Fitzpatrick* v. *Berlin*, 64 Wis. 203; *City of Wellington* v. *Gregson*, 1 Pac. 253; Elliott on Roads and Streets, Vol. 2, Sec. 621; *Tritz* v. *City of Kansas*, 84 Mo. 632; *Sykes* v. *Pawlet*, 43 Vt. 446; *Perkins* v. *Inhabitants*, 68 Me. 152; *Ireland* v. *Oswego*, 13 N. Y. 526; *Hay* v. *Weber*, 79 Wis. 587; *Rhyner* v. *City of Wenasha*, 97 Wis. 523; *City of Hannibal* v. *Campbell*, 86 Fed. 297; Dillon on Mun. Corp. (2d Ed.), Vol. 2, Sec. 1008.)

Whether the street was wide enough to be safe, and whether or not the street was in a reasonably safe condition for public use by travelers who use ordinary care to avoid injury, are al-

most always questions for the jury. (Dillon, Municipal Corp. (2d Ed.), Vol. 2, Sec. 1016; *City of Wyandotte* v. *Gibson,* 25 Kan. 236; *Osage City* v. *Brown,* 27 Kan. 74; *Maultby* v. *City of Leavenworth,* 28 Kan. 745; *Brown* v. *Glasgow,* 57 Mo. 157; *Fulliam* v. *Muscatine,* 70 Iowa, 436.)

*Mr. W. S. Barbour,* and *Messrs. Pemberton & Maury,* for Respondent.

Where there are two proximate and efficient causes of an injury, one a cause in which neither plaintiff nor defendant participate, and the other a cause originating in defendant's negligence, the authorities are not in unison, but the better doctrine, and great weight of authority and reason, hold the defendant liable. (Elliott on Roads and Streets (2d Ed.), par. 615, and cases there cited; *Stone* v. *Union St. Ry. Co.* (Kan.), 37 Pac. 1012; *Lundeen* v. *Livingston E. L. Co.,* 17 Mont. 37.)

Contributory negligence is new matter and must be pleaded in the answer, to avail aught to defendant (unless at the close of plaintiff's case, it appears as a matter of law that there has been such negligence on the part of plaintiff). (Ency. Pl. & Pr. Vol. 5, page 10, and cases cited; *Prosser* v. *M. C. Ry. Co.,* 17 Mont. 388.)

Where a city has once improved a street, and leaves it open to the public, throughout its entire width, the whole of it must be kept in repair. (*Goins* v. *City of Moberly,* 127 Mo. 116, 29 S. W. Rep. 985; Elliott on Roads and Streets, par. 621; *City Council of Montgomery* v. *Wright,* 72 Ala. 411; 5 Am. & Eng. Corp. Cases, 642; *Chicago* v. *Robbins,* 2 Black, 418; *Bacon* v. *Boston,* 3 Cush. 174; *Stafford* v. *Oskaloosa,* 64 Iowa, 251; *Indianapolis* v. *Gaston,* 58 Ind. 224; *Biggs* v. *Huntington,* 32 W. Va. 55, 9 S. E. Rep. 51; *Buck* v. *Biddeford,* 82 Me. 433, 19 Atl. Rep. 912; *Saylor* v. *City of Montesano* (Wash.), 39 Pac. 653; *Walker* v. *City of Kansas,* 99 Mo. 647, 12 S. W. Rep. 894.)

MR. JUSTICE HOLLOWAY, after stating the case, delivered the opinion of the court.

1. 'At the instance of the plaintiff the court gave instruction No. 8, as follows: "You are instructed that when, without any fault of the driver, a horse becomes uncontrollable or runs away, it is regarded as an accidental occurrence, for which the driver is not responsible; and when two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate, the one being a culpable defect in the highway and the other some occurrence for which neither party is responsible, the city is liable, provided the injury would not have been sustained but for such defect"; and refused instructions numbered 1 and 2 asked by the defendant, as follows: "No. 1. The city is required to exercise reasonable skill and diligence in making and keeping the streets and crossings safe and convenient for the ordinary and customary use of and travel thereon, but it is not required to keep the streets in such condition that users thereof may with safety drive a horse thereon at an unusual or furious rate of speed, or may drive an unmanageable horse thereon; nor is the city required to keep the streets in such condition that damages may not be caused by a horse which has escaped from the control of its driver." "No. 2. If you believe from the evidence that the horse driven by the plaintiff, by reason of fright or viciousness, became uncontrollable, so that the driver thereof could not stop him, or direct his course, or gain control over his movements, and in this condition came upon the alleged defective part of the street in question, and on account of which the plaintiff claims the accident was caused, then you are instructed that the city is not liable for any injury there was, and you should find for the defendant, unless you believe that such injury would have occurred without such horse becoming unmanageable."

The evidence tends to show that on the evening of July 22, 1899, the plaintiff and his daughter were driving on the streets of Dillon in a buggy to which was attached one horse; that without any fault on the part of the plaintiff the horse became frightened and unmanageable and ran away; that at the intersection of Montana and Virginia streets the city had lately con-

structed a heavy plank walk across Montana street; that this crossing projected from four to seven inches above the level of the street; that the city had caused grading to be done on each side of this crossing near the center of the street for a portion of the distance along the crossing, so as to enable vehicles to pass over it (the extent to which this grading had been done is somewhat in doubt. Witnesses for plaintiff testified that it was done only for a distance sufficient to enable one wagon to cross at a time, while witnesses for defendant testified that it was done for from twenty to twenty-eight feet. Admittedly it was done for less than one-third of the width of the street and length of the crossing) ; that when plaintiff's buggy passed over this crossing two of the wheels struck the walk where no grading had been done, and the force of the contact threw the plaintiff to the ground, inflicting serious and probably permanent injuries. The contention of the defendant is that the cause of plaintiff's injury was the running away of his horse, and instructions Nos. 1 and 2, above, are apparently framed upon the theory that the negligence of the city in permitting the crossing to be unsafe must have been the sole cause of plaintiff's injuries. If such injuries resulted from the defective street crossing, and from any other accidental, intervening or proximate cause, the city would not be liable.

While this theory of the law has the support of very respectable authority, we prefer to follow the doctrine which appears to be supported by the weight of authority and the better reasoning, viz., that where two causes contribute to an injury, one of which is directly traceable to the defendant's negligence, and for the other of which neither party is responsible, the defendant will be held liable, provided the injury would not have been sustained but for such negligence. (Lundeen v. Livingston E. L. Co., 17 Mont. 32, 41 Pac. 995 ; Elliott on Roads and Streets, Sec. 615 ; Chicago & N. W. Ry. Co. v. Prescott, 59 Fed. 237, 8 C. C. A. 109, 23 L. R. A. 654 ; Brennan v. City of St. Louis, 92 Mo. 482, 2 S. W. 481.) The question for determination in this instance was not whether defendant's negligence was the

sole cause of the injury, but whether it was *causa sine qua non.* (*Hayes* v. *Michigan Central R. R. Co.,* 111 U. S. 228, 4 Sup. Ct. 369, 28 L. Ed. 410.) This question, we think, was fairly submitted to the jury for determination.

The doctrine here announced is very fully set forth in *Union St. R. Co.* v. *Stone,* 54 Kan. 83, 37 Pac. 1012, in an action the facts of which are very similar to the facts in the case at bar. The court in part says: "It is urged that there is no liability on the part of the railway company or the city of Winfield for the negligent defect or obstruction of the street, as the runaway team concurred in producing the injuries of Mrs. Stone. This is the rule in Massachusetts, Maine, Wisconsin, and West Virginia; but the contrary is held by the courts of New York, Pennsylvania, Georgia, Missouri, Indiana, Connecticut, New Hampshire, Vermont and Texas. Elliott, in his recent work on Roads and Streets, says: 'According to the weight of authority, the city is liable where a horse takes fright, without any negligence on the part of the driver, at some object for which the municipality is not responsible, and gets beyond the control of his driver, and runs away, and comes in contact with some obstruction or defect in the road or street which the city has been negligent in not removing or repairing, if the injuries would not have been sustained but for the obstruction or defect.' * * * We prefer to follow the general weight of authority, and therefore cannot adopt the rule that cities are not liable for injuries to a runaway horse or his owner occasioned by an obstruction or defect in the streets."

2. It is also contended by the defendant city that it was not required to keep the street crossing in repair for the entire width of the street, but only to the extent of the main traveled portion of the street, provided that be sufficiently wide to accommodate the ordinary public travel, and therefore the court erred in refusing instruction No. 3, asked by defendant, as follows: "A city is not required to keep all parts of its streets and the entire width of its streets in good condition and repair. The duty of the city to keep in good condition and good repair only

extends to that part or portion of the street actually used by the public for travel, provided that part so used for travel is of sufficient width to be safe, and is, in its actual condition, reasonably safe for travelers who use due care. And if you believe from the evidence that sufficient part and width of the street in question was at the time the injury occurred, as complained of, in such condition and repair as to be safe and convenient for the customary use thereof for public travel, then you should find for the defendant, notwithstanding you may believe that an injury occurred to the plaintiff by reason of defects in other parts of the same street outside of the customary traveled portion of such street."

The evidence shows that Montana street is about sixty feet wide; that it is one of the principal thoroughfares of the city of Dillon, and, so far as anything to the contrary appears, is open to public travel throughout its entire width. Taking the view most favorable to the defendant, the question whether the portion of the street in repair was of sufficient width to render the street reasonably safe for public use was one for the jury's determination under proper instructions. (*Union Street Ry. Co.* v. *Stone,* above; *Walker* v. *City of Kansas,* 99 Mo. 647, 12 S. W. 894; *Saylor* v. *City of Montesano,* 11 Wash. 328, 39 Pac. 653.) We hardly think it can be said as an abstract proposition of law that "a city is not required to keep all parts of its streets and the entire width of its streets in good condition and repair." The correctness or incorrectness of that in any given instance depends upon a variety of circumstances, which can hardly be said to be fairly treated in defendant's instruction No. 3. We think the court fairly presents the matter to the jury in instructions Nos. 4 and 5, which read as follows: "No. 4. You are instructed that the defendant corporation is bound by law to use all reasonable care, caution and supervision to keep its streets in a safe condition for travel in the ordinary mode of traveling, and if it fails to do so it is liable for injuries sustained in consequence of such failure; provided the party injured is himself exercising rea-

sonable care and caution." "No. 5. You are instructed that a city is not an insurer of the safety of its streets, but is only required to keep them in a safe condition for ordinary travel; and, although the plaintiff may have exercised due care and could not have prevented the runaway, yet, if the street or crossing where the injury occurred was in a safe condition for ordinary travel, the city is not liable."

3. Much of the argument in appellant's brief is directed to questions of contributory negligence; but the answer in this case consists of general denials, and puts in issue only the questions of plaintiff's injury and the negligence of the defendant. The defense of contributory negligence is in the nature of a confession and avoidance, and must be specially pleaded. (5 Ency. Pleading & Practice, 10; *Kansas City, M. & B. R. R. Co.* v. *Crocker,* 95 Ala. 412, 11 South. 262.) The question of contributory negligence, therefore, was not in issue in this case. It is not made to appear from the allegations of the complaint itself, and under the rule that on motion for a nonsuit that will be deemed proved which the evidence tends to prove we are of the opinion, after consideration of the evidence offered on behalf of the plaintiff, that the court committed no error in denying defendant's motion for a nonsuit. Further than this, the subject is not properly before this court.

4. The specifications of particulars in which the evidence is insufficient to support the verdict are inadequate for the purpose intended under the provisions of Section 1173 of the Code of Civil Procedure and the construction given to that section by this court in *Cain* v. *Gold Mountain Mining Co.,* 27 Mont. 529, 71 Pac. 1004.

The order overruling defendant's motion for a new trial is affirmed.

*Affirmed.*