[No. 13858. Department One. August 22, 1917.]

THE CITY OF SPOKANE, *Respondent*, v. CRANE COMPANY, *Appellant*, AND NORTHERN PACIFIC RAILWAY COMPANY, *Defendant*.[1]

INDEMNITY—INJURIES ON SIDEWALKS—LIABILITY OF ABUTTER TO CITY—LESSEES. The tenant of abutting property is liable over to a city upon a judgment recovered against the city for personal injuries through a defect in a sidewalk caused by the active negligence of the tenant in maintaining, for its own convenience, a hole in the pavement for a water faucet; and this on elementary principles irrespective of any ordinance of the city, as they are not *in pari delicto*, or joint tort feasors.

LANDLORD AND TENANT—DEFECTIVE PREMISES—LEASE—COVENANTS —RIGHTS OF ASSIGNEE. Where a tenant holds under assignment of a twenty-year lease, which required the lessee to erect and maintain the building, there can be no inference that the lessor was guilty of negligence in placing a water faucet for the building in a hole in the sidewalk, so as to relieve the tenant of the charge of negligence in maintaining the nuisance, at the expense of the lessor.

[1]Reported in 167 Pac. 63.

INDEMNITY—DEFECTS IN SIDEWALK—LIABILITY TO CITY—LESSOR OR LESSEE. Where the owner of premises leases the same to a tenant, who covenants to erect and maintain a building, the tenant, and the tenant alone, is liable over to a city for a judgment for personal injuries sustained through a defect in the sidewalk and caused by the active negligence of the tenant of which the owner had no notice.

SAME—CLAIM AND ACTION AGAINST CITY—NOTICE TO DEFEND—SUFFICIENCY. Service by a city of a copy of the claim and summons and complaint in an action for personal injuries sustained through defects caused by the active negligence of the tenant of abutting property, is sufficient, without formal tender of the defense of the action, to bind the tenant, where it was clear that the only purpose of the notice was to allow it to participate in the defense.

SAME—CLAIM AND ACTION AGAINST CITY—NOTICE TO DEFEND—NECESSITY—TRIAL DE NOVO. In an action by a city, held liable for personal injuries, to recover over from the tenant of abutting property causing the injury, notice of the original suit and tender of the defense is not essential where the cause was tried *de novo* and the evidence sustains the findings.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered June 8, 1916, upon findings in favor of the plaintiff, in an action to recover over the amount paid on a judgment for injuries resulting from a defective sidewalk. Affirmed.

*Samuel R. Stern,* for appellant.

*J. M. Geraghty* and *Alex M. Winston,* for respondent.

ELLIS, C. J.—In this action plaintiff city sought to recover over from defendants, Northern Pacific Railway Company and Crane Company, the amount of a judgment for personal injuries recovered by Elizabeth Kelly in an action against the city and by it paid. That judgment was entered on the verdict of a jury and, on the city's appeal, this court affirmed it. *Kelly v. Spokane,* 83 Wash. 55, 145 Pac. 57.

The present action was tried to the court without a jury. By stipulation, a certified copy of the evidence adduced at the trial of the original action was admitted as evidence in this action. Additional evidence was taken on both sides. It

was admitted that the Northern Pacific Railway Company, at the time of the accident, was the owner of the property abutting the sidewalk at the place of the accident, and that defendant Crane Company was then occupying, and for about twenty years had occupied, the building on it as lessee from the railway company. It was also admitted that the city had paid the judgment in full.

The salient and material facts as to the character of the sidewalk, as to the hole made by removal of bricks, and as to Miss Kelly's fall and injury through stepping into the hole, are sufficiently set out in the original opinion. In the present action, the court found the facts as to the accident substantially as there stated, and in addition, that in the hole was a water faucet to which defendant Crane Company attached a hose for the purpose of washing the sidewalk and front of the building occupied by that company; that it was used by no other person and for no other purpose, and that it was necessary to remove a brick when the hose was attached for use. The court also found that both of the defendants in this action were served with a copy of the claim presented to the city by Elizabeth Kelly shortly after it was filed with the city, and that each of the defendants here was served with the summons and complaint in the action of *Kelly v. Spokane* shortly after the commencement of that action, and further, that the present and then attorney for Crane Company was in attendance during the entire trial of that action and conferred and consulted with the attorney, now deceased, who tried that action on behalf of the city. Finally, the court found that the injury suffered by Elizabeth Kelly was due to the defective condition of the sidewalk, which condition was known to, and created and continued by, defendant Crane Company. It would be neither practicable nor profitable to discuss the evidence in detail. We have examined it with the utmost care. It amply sustains the court's findings. The court concluded, as matters of law, that the city was entitled to recover over against defendant Crane

Company the amount sued for with costs, but that defendant railway company was entitled to judgment in its favor on the merits and for costs. Judgment went accordingly. Defendant Crane Company appealed.

In the complaint the facts were pleaded substantially as found, and a provision of the charter of the city of Spokane was set out which reads as follows:

"In case any injury or damage to any person shall be caused by the defective condition of any sidewalk, or by ice or snow thereon, or by lack of proper guards or railings on or along the property abutting on any public way, the abutting property where the injury or damage occurs, and the owner or owners thereof, shall be liable to the city for all damage, injuries, costs and disbursements which may be required to pay to the person injured." Spokane Charter, § 116.

Appellant's main contention is that this charter provision has no application to a tenant, but only applies to the property owner; that the duty imposed by the charter upon the owner of the abutting property to keep the sidewalk in repair could only arise after notice to him by the city to make the repairs, and that such a charter provision would be constitutional only when intended as a means of charging the owner of abutting property with the expense of repairing, not as creating a duty to the public the failure to observe which would make him liable to respond in damages for resulting injury. It is argued that, because the primary duty to repair rests upon the municipality, the property owner, and *a fortiori* the tenant, cannot be also primarily liable.

All of this may be granted without decision, but it does not reach the case before us. As we view the facts, the charter provision has no controlling importance in this case. The city is not seeking to hold the abutting owner or lessee for a failure to remove an obstruction or repair a defect not occasioned by his own negligence nor maintained for his own use or purposes. The right of recovery is not referable to mere passive negligence in failing to repair, but to active

negligence in creating, or at least maintaining, a dangerous
condition for his own personal convenience. In such a case,
though the city, when chargeable with notice of the condi-
tion, is primarily liable to the person injured, this is only
because of its duty to the public to keep the streets reasonably
safe resulting from its control over the streets. But the
person who actually created or maintained for his own use
the dangerous condition is, as between the city and himself,
still primarily liable on elementary principles, and regardless
of any statute or charter provision so declaring, simply be-
cause the dangerous condition was the result of his own per-
sonal negligence. As between him and the city, his was the
active negligence, while that of the city was merely passive.
These considerations make it plain that there is no differen-
tiating significance to be found in the fact that the active
negligence in this case was that of the tenant, who had com-
plete possession and control of the premises, and not that of
the owner. They also make it equally plain that this case is
governed in principle by the decision of this court in *Seattle
v. Puget Sound Improvement Co.*, 47 Wash. 22, 26, 91 Pac.
255, 125 Am. St. 884, 12 L. R. A. (N. S.) 949, where, adopt-
ing the language of Judge Dillon (2 Dillon, Municipal Cor-
porations [4th ed], § 1035), it is said:

"If a municipal corporation be held liable for damages
sustained in consequence of the unsafe condition of the side-
walks or streets, it has a remedy over against the person by
whose wrongful act or conduct the sidewalk or street was
rendered unsafe, unless the corporation was itself a wrong-
doer, as between itself and the author of the nuisance."

Notwithstanding the city's liability to the public, it was
under no duty to notify appellant of a condition of appel-
lant's own creation. It was not a wrongdoer as between it-
self and appellant. The city and appellant were not *in pari
delicto;* they were not joint tort feasors. *Lowell v. Short*, 4
Cush. 275.

Typical of the cases cited by appellant in this connection is *Rochester v. Campbell*, 123 N. Y. 405, 25 N. E. 937, 20 Am. St. 760, 10 L. R. A. 393. That case would, indeed, be apposite were the grounds of liability here, as there, traceable solely to the duty imposed by the charter. But they are not, and the able jurist who speaks for the court in that case emphatically recognizes the distinction which we have drawn and cites ample authority to sustain it. He says:

"The cases referred to in the court below to support the doctrine of the right of the municipality to recover in such cases are: *City of Rochester v. Montgomery*, 72 N. Y. 65; *Village of Port Jervis v. First Nat. Bank of Port Jervis*, 96 Id. 550; *Robbins v. Chicago*, 4 Wall. 657; *City of Lowell v. Short*, 4 Cush. 275. These were all cases where the dangerous conditions of the street were created by the defendants, and they were held liable for the consequence of their unlawful acts, under their common-law obligations as the creators of a nuisance, and not by reason of any duty enjoined upon them by statute or otherwise. The distinctions between such cases and those relating to the consequences following a neglect of some duty imposed by statute are manifest and radical."

Further discussion of this point seems unnecessary.

Appellant further argues ·that, inasmuch as it does not appear that this hole was not in existence when appellant took possession of the premises, it cannot be held liable for injury resulting from the existence of the hole, and that, in any event, the railway company was jointly liable. But the evidence is conclusive—in fact uncontradicted—that the hole was maintained by appellant for its own convenience. Appellant held the premises by assignment of a twenty-year ground lease made to another company which therein covenanted with the railway company to erect and maintain the building. When appellant took over the property, it took it under the terms of the lease. The record thus precludes any inference that the railway company erected the building or placed the faucet in the sidewalk, or made or maintained, or authorized the making or maintaining of, the hole.

"After becoming aware of a defect in the thing hired, the tenant or hirer must use such increased care as the defective nature of the thing requires, and cannot excuse himself for the want of such care by the plea that he was not responsible for the defect itself. Thus, if a house should be let with a defective faucet, a tenant would not be liable for the defect; but if he used the faucet in the same manner as if it were perfect, while knowing that it was not, he would be answerable for the consequences. And if, by his own negligence, he makes the property an occasion of injury to others, he cannot avail himself, as a defense, of a covenant on the part of the landlord, or of any other person, to repair the defects caused by his fault." *3* Shearman & Redfield, Negligence (6th ed.), § 713.

The railway company was properly exonerated. It was not in possession and had not been for about twenty years. It did not erect, was not using, and had never used, the building. It did not covenant in the lease to keep either the building or the sidewalk in repair. In such a case the tenant alone is liable over for the damages. *Lowell v. Spaulding*, 4 Cush. 277, 50 Am. Dec. 775. Moreover, there was neither evidence nor inference from evidence that the railway company ever had notice or knowledge that the brick was not habitually replaced by appellant's employees when the opening was used for flushing the street.

Finally, it is urged that appellant had no sufficient notice to defend, hence was not bound by the judgment in the action of *Kelly v. Spokane*. It is true that, when the city caused to be served upon appellant the notice of claim against the city and the summons and complaint in that action, it did not in so many words formally tender appellant the defense of that action, but it is clear that the service could have been for no other purpose than to notify appellant of the fact and nature of the claim in order that it might participate in the defense. In such a case, it is not essential that the person responsible over be requested to assume the defense. *Heiser v. Hatch*, 86 N. Y. 614; *Robbins v. Chicago*, 71 U. S. 657. See, also, *Rochester v. Montgomery*, 72 N. Y. 65, and *Bevan v. Muir*,

53 Wash. 54, 101 Pac. 485, 32 L. R. A. (N. S.) 588. But even assuming that the notice was insufficient and that the presence and participation of appellant's counsel in the trial did not waive the lack of notice, these things would not be sufficient ground for a reversal where, as here, the case was in fact tried *de novo* and the evidence as a whole sustained the court's findings and judgment. The failure to give notice does not go to the right of action, but simply to the quantum of proof. *Village of Port Jervis v. First Nat. Bank of Port Jervis*, 96 N. Y. 550.

We find no error in the record warranting a reversal. The judgment is affirmed.

MORRIS, WEBSTER, MAIN, and CHADWICK, JJ., concur.