[No. 14594.    Department Two.    August 3, 1918.]

THE CITY. OF SEATTLE, *Appellant,* v. GREAT NORTHERN RAILWAY COMPANY *et al., Respondents.*[1]

INDEMNITY—PERSONAL INJURIES—CONTRACT TO SAVE HARMLESS— CONTRIBUTING TO INJURY—JOINT TORT FEASORS. A city cannot recover over from a railroad company, bound to save the city harmless from damages caused by the construction of a tunnel, on account of a judgment for personal injuries sustained on a defective sidewalk, alleged to be caused by the construction of the tunnel, if the city contributed to the injury by faulty construction of the sidewalk or by knowingly maintaining a defect in a city street, since either would be an independent act of negligence by the city, making it a joint tort feasor and not entitled to recover from the railroad company (MAIN, C. J., and MACKINTOSH, J., dissent).

Appeal from a judgment of the superior court for King county, Sheeks, J., entered June 15, 1917, upon findings in favor of the defendants, in an action to recover over the amount of a judgment for personal injuries, after a trial on the merits to the court. Affirmed.

*Hugh M. Caldwell* and *Patrick M. Tammany,* for appellant.

*C. H. Winders, F. V. Brown,* and *F. G. Dorety,* for respondents.

[1]Reported in 174 Pac. 4.

HOLCOMB, J.—In 1903, Seattle granted a franchise to the Northern Pacific Railway Company and the assignor of the Great Northern Railway Company, granting them the right to construct, maintain and operate a railway tunnel underneath the city. It is admitted by the pleadings that the tunnel franchise was granted subject to a covenant by the grantees to save the city harmless from all claims, actions, or damages of every kind which might accrue or be caused by the tunnel, and binding the grantees to pay any judgment rendered against the city by reason of the negligent or defective construction, maintenance and operation. The tunnel was completed in 1905. After casting of the cement work, there remained a space of from three to six feet between the concrete arch and the top bore of the tunnel. This space was back-filled with old timbers and cordwood which commenced to decay, with consequent settlement. There were three periods of settlement—construction period, decay of timber back-fill period, and repair period, with resulting disturbance to adjacent buildings, pavement, sidewalks, and curb on the east and west sides of Fourth avenue parallel with the tunnel. In 1907, Fourth avenue was regraded, and in 1909, cement sidewalks were laid in accordance with the plans and specifications of the city engineer's office.

On May 31, 1912, Mrs. Bigford, while walking along Fourth avenue, fell over an abrupt or perpendicular break or rise of two inches' height in the sidewalk at a point twelve feet north of the intersection of Spring street. She alleged in paragraph 4 of her complaint, "that the city in preparing the sidewalk for traffic so constructed the same or permitted the same to become defective." The jury awarded her a verdict and a judgment was entered thereon against the city for $2,293.40. This action was brought by it against re-

spondents to recover over the amount paid by it in satisfaction of the judgment, claiming that the defect which caused Mrs. Bigford's injury was caused by the negligent construction and maintenance of the railway tunnel which runs under that corner, and that it had notified respondents of the pendency of that action. Appellant introduced the judgment roll in the Bigford case, and supplemented this with an attempt to show that respondents were responsible for the defect and that it was caused by settlements on account of the decay of the wood back-fill above the arch of the tunnel. Judgment of dismissal was entered, and the city appeals.

Appellant assigns, among other claims, that the court erred in refusing its proposed findings of fact; in not entering judgment in its favor; in making the third and fourth findings of fact; in making the first conclusion of law, and entering judgment of dismissal. All are determined by the determination of the question of the independent negligence and liability of the city.

The city was primarily liable for consequential injuries caused by negligently maintaining a defective sidewalk. Thus, the main questions are, (1) was the defect of the sidewalk in the Bigford case the same as that here involved; (2) was the injury caused by an independent negligent act of the city in constructing the defective sidewalk or allowing it to become and remain defective; (3) was the defect in the sidewalk caused by the settlements on account of respondents' tunnel.

The claim agent for the city, who testified in the Bigford case and the present one, established the uncontroverted identity of the defect. Faulty construction and knowledge of the defect in the sidewalk was an issue in the Bigford case. The jury returned a general verdict against the city. Faulty construction of

the sidewalk would constitute an independent act of negligence as far as respondents are concerned. Knowingly maintaining a defect in a public street is an independent act of negligence of the city. The rule governing is to be found in *Tacoma v. Bonnell,* 65 Wash. 505, 118 Pac. 642, Ann. Cas. 1913B 934, 36 L. R. A. (N. S.) 582, and in *Puyallup v. Vergowe,* 95 Wash. 320, 163 Pac. 779, in the former of which it is said:

"If a public street is maintained by the city in an unsafe or dangerous condition, and the negligence of a third party combines with that of the city to cause an injury to such third party, and such injury would or might not have occurred but for the combined negligence of the city and the second party, no recovery by either of the joint wrongdoers may be had against the other."

If the city contributed to the injury by construction of a defective sidewalk or permitting the defect to exist for an unreasonable length of time without repairing, it cannot recover from a joint tort-feasor.

There was some evidence that to the tunnel is to be attributed the settlements of buildings along the route of the tunnel, but we cannot infer from this that the particular defect in the sidewalk was caused that way.

We cannot escape the conclusion that the city has failed to prove its case. The judgment is affirmed.

MOUNT and CHADWICK, JJ., concur.

MAIN, C. J., and MACKINTOSH, J., dissent.