[No. 39004.     Department Two.     December 30, 1967.]

MARION W. TURNER, *as Guardian, Appellant,* v. THE CITY OF TACOMA, *Respondent and Cross-appellant,* JAMES L. GARVIN *et al., Respondents.**

*Reported in 435 P.2d 927.

*Jacobs, Steiner & Smith* and *Edmund F. Jacobs,* for appellant.

*Marshall McCormick, Robert R. Hamilton,* and *John J. Majeres,* for respondent and cross-appellant.

*Stubbs, Batali, Combs & Small,* for respondents.

HILL, J.—This is a personal-injury action by a guardian ad litem for an injured child.[1] The cause of the injury is definitely established; the extent of the injury is not material in the present status of the case.

This appeal, on behalf of the injured child, is from a judgment of dismissal after a verdict for the defendants based on a special finding that the child was contributorily negligent.

The Coliseum Building, at the southwest corner of Market Street and South 13th Avenue, Tacoma, was constructed in 1926. It faces Market Street. South 13th, along the south side of the building, has a steep upward grade from Market Street. At the time the Coliseum Building was built, or very shortly thereafter, a fire

---

[1] Marion W. Turner, the father of Carolyn Turner (the injured child), brought this action as her guardian ad litem; however, we will refer to Carolyn Turner as though she were the plaintiff.

escape in the form of a stairway 4 feet in width was at-tached firmly to the south side of the building, extending from its third floor to South 13th, where the bottom of the stairway was embedded in the concrete sidewalk. This, of course, constituted a complete obstruction across 4 feet of the 11-foot sidewalk, which continues to this day. We are making a picture of the south side of the building a part of the opinion for illustrative purposes.

It is undisputed that on October 23, 1964, at about 5:30 p.m. (daylight saving time),[2] Carolyn Turner, a 13-year-old

girl, accompanied by her brother, was walking up South 13th along the south side of the Coliseum Building. She ran into the fire escape, was knocked to the pavement and sustained injuries. In dispute is the amount of fog and the extent of visibility at the place of the accident; there is also a question as to whether Carolyn was conducting herself as a reasonably prudent person of her age. These were ques-tions for the jury on the evidence presented, and further reference will be made to them.

[2] It was stipulated that sunset on that date was 6:02 p.m., daylight saving time.

We are. agreed with the plaintiff that the trial court. should have instructed the jury that the defendants—city of Tacoma and James L. Garvin and Zelma Garvin, his wife, as the owners of the building—were negligent as a matter of law.

The city, in its brief, concedes that

[T]he fire escape in question was in direct conflict with both State and City code. Inasmuch as the fire escape came down and obstructed the sidewalk, it was in violation of the State Code (RCW 7.48.140(4)). Furthermore, it was in violation of the City Code then in effect,[3] Ordinance No. 2239, Sec. 3.

The existence of the fire escape was at all times a violation of state law.[4]

The trial court did instruct:

[T]hat the violation of a statute or ordinance is negligence in and of itself, and will render a defendant liable for damages if such violation proximately caused the injury complained of. (Instruction No. 13A)

■ The instruction is a correct statement of the law, but there can be no doubt that the negligence of the Garvins in maintaining a fire escape obstructing 4 feet of the sidewalk was a proximate cause of the plaintiff's injuries; nor can it be questioned that the city, with full knowledge of the existence of the obstruction, took no steps to abate it. The fact that the obstruction had continued for 38 years subtracts nothing from, but rather adds to, the negligence of the city in failing to perform the duty it owed to those using its sidewalk. That negligence was clearly a proximate cause of the injury.

However, the defendants, even though negligent, were entitled to a judgment of dismissal, if Carolyn Turner was contributorily negligent; and they insist that she was negli-

---

[3]The words "then in effect" relate to 1926 when the building was constructed.

[4]"It is a public nuisance:

". . .

"(4) To obstruct or encroach upon public highway, private ways, streets, alleys, commons, landing places, and ways to burying places;
. . . " RCW 7.48.140(4)

gent as a matter of law because she walked directly into the fire escape, which was there for all to see.

The plaintiff urges that the jury could have found that at 5:30 p.m. (daylight saving time), on October 23, 1964, it was getting quite dark and foggy; that in going up the hill on South 13th Carolyn had been looking in the tavern windows (as she surely had a right to do), and was intrigued by the unusual sight (to her childish eyes) of ladies in a tavern. With her attention thus distracted and without looking straight ahead, she walked into the fire escape. It was painted white to a height of 7 feet which, it is arguable, made it more difficult to see in the fog.

■ Under all the circumstances, balancing the duty of the city to keep its sidewalks clear of obstructions (*Owens v. Seattle,* 49 Wn.2d 187, 299 P.2d 560, 61 A.L.R. 2d 417 (1956); *Hewitt v. Seattle,* 62 Wash. 377, 113 Pac. 1084 (1911); *Mischke v. Seattle,* 26 Wash. 616, 67 Pac. 357 (1901); *Saylor v. Montesano,* 11 Wash. 328, 39 Pac. 653 (1895)) against the duty of the pedestrian to exercise reasonable care for her own safety, reasonable men could arrive at different conclusions as to whether Carolyn Turner was contributorily negligent, and the trial court properly submitted that issue to the jury (*Hines v. Neuner,* 42 Wn.2d 116, 253 P.2d 945 (1953); *Smith v. Manning's, Inc.,* 13 Wn.2d 573, 126 P.2d 44 (1942); *Scott v. Pacific Power & Light Co.,* 178 Wash. 647, 35 P.2d 749 (1934)).

But the defendants point out that the jury did answer that precise question—in response to an interrogatory it found that Carolyn Turner was contributorily negligent and that such negligence was a proximate cause of her injuries.

That would dispose of the matter, if the jury was properly instructed on that issue; whether it was so instructed becomes the decisive issue on this appeal.

The court properly instructed the jury as to negligence and contributory negligence in instruction No. 2; and a special instruction was given as to a minor plaintiff's contributory negligence, which was as follows:

In considering the alleged contributory negligence of the minor plaintiff, you are instructed that it is the duty of such a minor to exercise the same care that a reasonably prudent minor of the same age, intelligence and experience would exercise under the same or similar circumstances. If he fails to do so and such failure proximately contributes to his injuries, then he would be guilty of contributory negligence and could not recover. (Instruction No. 15)

While we seek to avoid the phrase "guilty of" contributory negligence, we would have considered that the jury had been properly instructed with reference to contributory negligence had the instructions stopped there. Unfortunately, the court gave instruction No. 16:

You are instructed that a person cannot cast the entire burden of his or her protection upon another and that everyone owes a duty to himself or herself in that respect. One must use his or her own intellects, senses and faculties for his or her own protection. The law does not permit a person to close his or her eyes to danger and then if he or she is injured as a result of such danger to seek remedy and damages against another.

If you find from a preponderance of the evidence that the plaintiff failed to use reasonable care for her own protection then she was negligent, and if such failure on her part was one of the causes contributing to the accident, then she was guilty of contributory negligence. A plaintiff guilty of contributory negligence cannot recover damages.

■ To refer to this as a slanted instruction seems an understatement. It reads more like a jury argument on behalf of the defendants. That we may have used certain language in an opinion does not mean that it can be properly incorporated into a jury instruction. *Boley v. Larson*, 69 Wn.2d 621, 625, 419 P.2d 579 (1966); *Vangemert v. McCalmon*, 68 Wn.2d 618, 627, 414 P.2d 617 (1966).

The plaintiff had submitted an equally objectionable instruction containing the rhetorical sentence from one of our opinions:

One has a right to travel upon the street on the darkest night without a lantern, relying upon the performance of

their duties by the authorities in keeping the streets in a suitable condition for travel. (*Mischke v. Seattle, supra,* p. 621)

The trial court properly refused to give the plaintiff's slanted instruction; it should also have refused to give instruction No. 16. The jury had already been adequately instructed on the issue of contributory negligence. It is our view that instruction No. 16 was, under the circumstances of this case, little short of a direction to find contributory negligence on the part of Carolyn Turner. The case must be remanded to the superior court for a new trial under proper instructions.

We have heretofore indicated that the negligence of the city and the Garvins is established as a matter of law, and the only issue of liability on a retrial is as to the contributory negligence of Carolyn Turner.

We turn now to the errors claimed with reference to matters which might recur on a retrial.

The trial court admitted evidence of former accidents caused by physical contact with the fire escape for the limited purpose of showing notice to the defendants of prior accidents.

█ We agree that, contrary to plaintiff's contention, such evidence is not ordinarily admissable to show negligence. *Tyler v. Pierce Cy.,* 188 Wash. 229, 62 P.2d 32 (1936).

We do not regard the case of *Porter v. Chicago, M., St. P. & Pac. R.R.,* 41 Wn.2d 836, 252 P.2d 306 (1953), relied upon by the plaintiff, as holding to the contrary. We there held, as an exception to the rule just stated, that proof of previous conduct by the defendant in similar circumstances was admissible as being relevant to a determination by the jury of the reasonableness of the defendant's conduct in the circumstances of the case then under consideration. In the instant case, however, there is no claim of previous conduct by the defendants. Their negligence was not predicated on any affirmative actions but on nonaction. The *Porter* case was, therefore, not in point.

Evidence of prior accidents under substantially similar circumstances should, however, be admitted for the purpose of proving that the existence of the fire escape constituted a dangerous condition. *Bussard v. Fireman's Fund Indemn. Co.*; 44 Wn.2d 417, 267 P.2d 1062 (1954); *Porter v. Chicago, M., St. P. & Pac. R.R., supra; Tonning v. Northern Pac. Ry.*, 180 Wash. 374, 39 P.2d 1002 (1935); See Annot., 70 A.L.R.2d 167 (1960). We note that the city, in orally stipulating notice of the existence of the fire escape, emphasized that it did not thereby concede that it constituted a dangerous or hazardous condition.

Consequently, the instruction explaining the limited purposes for which evidence of prior accidents was admitted should also include the purpose of proving that the fire escape constituted a dangerous or hazardous condition.

City traffic officers testified from photostatic copies of "Uniform Traffic Complaint and Citation" they had issued on October 23, 1964, that the weather was clear at the time of the accident (5:30 p.m. daylight saving time). This testimony was admitted as being based upon "past recollection recorded." The plaintiff urges that it was error not to require those documents to be admitted into evidence. We fail to see wherein there was any prejudice in the ruling complained of.

The city of Tacoma urges in its cross-appeal that if the plaintiff should prevail against it, it has a right to recover against the Garvins. The trial court not only refused to so instruct the jury, but dismissed the city's counterclaim against the Garvins. In urging this claim of error, the city of Tacoma relies on *Spokane v. Crane Co.*, 98 Wash. 49, 167 Pac. 63 (1917), and *Seattle v. Puget Sound Improvement Co.*, 47 Wash. 22, 91 Pac. 255 (1907). In those cases damages were recovered from municipalities for injuries sustained as a result of dangerous conditions in a sidewalk; in both we held that the city had a right to recover from the abutting property owner or occupant, referring to the statement in 2 J. F. Dillon, Municipal Corporations, § 1035 (4th ed. 1890):

If a *municipal corporation be held liable* for damages sustained in consequence of the unsafe condition of the sidewalks or streets, *it has a remedy over against the person by whose wrongful act or conduct the sidewalk or street was rendered unsafe,* unless the corporation was itself a wrong-doer, as between itself and the author of the nuisance; . . . .

█ That rule is predicated upon the fact that the city's negligence, rendering it liable to the injured party, is passive in nature, arising from its failure to maintain its streets in a reasonably safe condition; whereas the negligence of the abutting owner or occupant is active, arising from its creation and maintenance of the dangerous condition for its own use. That is not the situation here. The Garvins' conduct cannot be categorized as any less passive than that of the city of Tacoma.

The Garvins purchased the Coliseum Building in 1935, about 9 years after its construction. Unlike the abutters in the two cases above, the Garvins did not construct the obstruction; they acquired the building with the fire escape "built right into [it]." There is a complete lack of evidence that they or their tenants ever used it. Their negligence consists of permitting the obstruction to remain in place in violation of the law.

On the other hand, the city of Tacoma tacitly approved the obstruction by knowingly permitting the fire escape to remain in place for 38 years, in spite of the fact that such an obstruction was specifically prohibited by law. Such neglect by the city of Tacoma can hardly be classified as any less culpable or any less contributory to the accident than that of the Garvins. The record leads inescapably to the conclusion that the defendants were joint tort-feasors. As a joint tort-feasor, the city of Tacoma has no right to recovery from the Garvins, if and when there is a recovery against the city. The applicable rule in this case is stated in *Tacoma v. Bonnell,* 65 Wash. 505, 511, 118 Pac. 642 (1911):

If a public street is maintained by the city in an unsafe or dangerous condition, and the negligence of a third [obviously intended to be the *second*] party combines

with that of the city to cause an injury to such third party, and such injury would or might not have occurred but for the combined negligence of the city and the second party, no recovery by either of the joint wrongdoers may be had against the other.

Later, in *Seattle v. Great Northern Ry.*, 103 Wash. 294, 174 Pac. 4 (1918), setting forth the above-quoted portion of the *Tacoma v. Bonnell* opinion, we added that (p. 297):

If the city contributed to the injury by construction of a defective sidewalk or *permitting the defect to exist for an unreasonable length of time without repairing, it cannot recover from a joint tort-feasor.* (Italics ours.)

The trial court did not err in dismissing the city's claim over against the Garvins. If there is liability, they are, as indicated, joint tort-feasors.

The judgment of dismissal against the plaintiff is set aside, and the cause remanded for a new trial.

The judgment dismissing the counterclaim of the city of Tacoma against the defendants, James Garvin and Zelma Garvin, husband and wife, is affirmed.

FINLEY, C. J., DONWORTH and HAMILTON, JJ., and OTT, J. Pro Tem., concur.