[No. 4036. Decided May 7, 1902.]

WILLIAM WATSON, *Appellant*, v. THOMAS WEBB *et ux.*, *Respondents.*

NEGLIGENCE — ELEVATION OF SIDEWALK ABOVE ADJOINING LOT — AB-
SENCE OF GUARD RAIL — LIABILITY OF LAND OWNER.

The fact that an opening had been allowed to remain in the fence or guard rail between the sidewalk and defendants' lot, which was below the grade of the street, and that this opening had been used at one time by tenants of defendants, would not render defendants liable for injuries received by plaintiff in stepping off the walk at that point, when it does not appear that the opening was made by the owner, nor was in use for ingress and egress at the time of the accident, nor that the premises had

been leased for such a use, nor that the opening was in a more dangerous condition by reason of having been once used as a passage way.

SAME — DUTY TO MAINTAIN BARRIERS.

Where the public authorities elevate a street and sidewalk above the level of abutting lands, the abutting owner is under no obligation to erect or maintain barriers between such highway and his land to prevent travelers from falling therefrom onto his lands; nor liable for injuries received from such a fall by reason of the absence or faulty construction of barriers.

Appeal from Superior Court, King County.—Hon. FRANK H. RUDKIN, Judge. Affirmed.

*C. L. Parker* and *Benson & Aust,* for appellant.

*Burke, Shepard & McGilvra,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—The appellant brought this action against the respondents to recover for personal injuries. At the close of his testimony the appellant was non-suited on the motion of the respondents, and he appeals from the judgment entered thereon. The facts appearing in the record are substantially these: The respondents are the owners of a certain lot in the city of Seattle, fronting upon a street therein known as "Fifth Avenue North." Sometime prior to 1890 the city of Seattle caused the street in front of the lot to be graded, raising the level of the street some two and one half or three feet above the level of the bordering property. The city also caused a sidewalk to be constructed along the side of the street adjoining the lots of the respondents, guarding the same with a suitable railing. In 1890 or 1891 the city regraded the street. By this grade the level of the street was raised still higher,—altogether about five feet above the respondents' lot. A sidewalk was constructed by the city on the level with this grade, and,

when finished, was left suitably guarded by a railing placed on the side of walk next to the respondents' property. Shortly after the city had completed the work, a portion of this railing was removed,—by whom or for what purpose does not appear; nor does it appear that the respondents or their tenants ever used the opening for any purpose. It was shown that certain of the respondents' tenants had at one time taken horses to and from the lot at the place of the opening, and certain others had thrown wood into the lot at the same place; but whether these acts occurred prior or subsequent to the time the street was regraded, the witnesses testifying to the transactions could not remember. The appellant was injured on the evening of the 27th of March, 1897. He was then engaged in the grocery business. His place of business was but a short distance from the lot in question, and on the opposite side of the street. Late in the evening of that day he received an order for groceries which he thought came from persons occupying a residence on the lot next adjoining the lots of the respondents. In front of this residence was another opening in the railing of the sidewalk, from which a stairway led down from the walk to the level of the lot. In attempting to deliver the groceries, the appellant crossed the street, and proceeded along the walk until he came to the opening in the railing in front of the respondents' property, when, thinking he had reached the opening at the place he intended to go, he turned and stepped off the walk, receiving the injuries complained of.

The appellant cites and relies for recovery upon the rule of law which holds a landowner responsible for injuries caused by an opening in a street or highway constructed or maintained by him for his own purposes, and which is dangerous because defectively constructed, or is allowed to

become dangerous by being left open or unguarded or insecure from wear or other remediable cause. But the evidence, as we view it, does not bring the respondents within the rule, as it is not shown that the opening was caused by them, or by any one for whose acts they were responsible, or that they were maintaining it at the time the accident occurred. Conceding that the respondents' tenants did use the opening at some former time for the purposes described by the witnesses, this fact would not render the respondents liable for the injury to the appellant, in the absence of a showing that the premises were leased to them for that use, or that the injury occurred while it was being so used, or that it was left in a more dangerous condition because of the use made of it than it was before. In other words, mere user of a defective or dangerous opening of the kind described, by one who did not cause it, does not place upon him any obligation to repair it, or render him liable to one injured thereby after he has ceased to use it.

Nor are the respondents liable upon the principle that one is liable for injuries caused by pit-falls or other excavations dangerous to public travel which he suffers to exist unguarded upon his premises so near to the margin of a street or sidewalk that persons in the lawful use of the street or sidewalk are liable to fall therein. The pit-falls and excavations, within the meaning of this rule, are such as the land owner creates or maintains of his own volition and for his own purposes, and not such as may be created by the public authorities in the exercise of their right to grade or otherwise improve the public highways. Against nuisances created in the latter way it is the duty of the public authorities to guard, and their sole duty, in the absence of a statute, or ordinance passed pursuant to

statute, imposing the duty upon some one else.    A land owner, as such, owes no such duty.    Where the public authorities have elevated a highway, whether it be a road, street, sidewalk, or bridge, above the level of his abutting lands, the land owner, merely because he owns such lands, is under no obligation to erect or maintain barriers between such highway and his land to prevent travelers on the highway from falling therefrom onto his lands; nor is he liable in damages to any one for injuries received from such a fall because of the absence of, or of defectively constructed, barriers.    This duty and liability can be imposed upon him, if at all, only by statutory authority, and none such is shown in the case before us.

The judgment is affirmed.

REAVIS, C. J., and HADLEY, DUNBAR, MOUNT, ANDERS and WHITE, JJ., concur.