[No. 19478.   Department Two.   March 25, 1926.]

THE CITY OF TACOMA, *Respondent*, v. AUSTIN W.
SCOFIELD, *Appellant*.[1]

[1] MUNICIPAL CORPORATIONS (445)—LIABILITIES OF ABUTTING OWN-
ERS—SIDEWALKS BUILT BY PRIVATE PERSONS. The mere ownership
of abutting property does not make the owner liable for personal
injuries sustained through a defective sidewalk, where he did not
build the walk or make any use of it in connection with the
use of his building.

Appeal from a judgment of the superior court for
Pierce county, Clifford, J., entered April 4, 1925, upon
findings in favor of the plaintiff, in an action to re-
cover over for a judgment rendered against the city,
tried to the court. Reversed.

*Stiles & Latcham* and *Ellis, Fletcher & Evans*, for
appellant.

*E. K. Murray, Leo Teats*, and *Lorenzo Dow*, for
respondent.

PARKER, J.—The plaintiff city seeks recovery from
the defendant Scofield of damages, which it claims to
have suffered by being compelled to respond in dam-
ages to one Taylor by judgment rendered against it in
the superior court for Pierce county, in favor of Taylor
for personal injuries suffered by him as the result of a
defective sidewalk on one of its streets, claimed to have
become and to be maintained as defective by the fault
of Scofield. A trial upon the merits in the superior
court for Pierce county, sitting without a jury, resulted
in findings and judgment awarding recovery to the city,
from which Scofield has appealed to this court.

The controlling facts, as we view this case, are not
subject to serious controversy, and may be summarized
as follows: In the year 1891, a brick building was con-

[1]Reported in 244 Pac. 257.

structed at the southwest corner of Tacoma avenue and South 19th street, facing 50 feet on the west line of the avenue and 70 feet on the south line of 19th street, which street was not then graded or otherwise improved. Westerly from the avenue the grade of 19th street rises about 12 feet above the avenue at the west end of the building. After the construction of the building, a board walk was constructed alongside and adjoining the building on 19th street upon its general rising grade. The ground slopes sideways down toward the building, as well as down toward the avenue.

The board walk directly next to the building is supported on posts and framework, being very near the ground at the avenue corner and about five feet above the ground at the rear corner, its outer edge resting on the ground all along the building. As to who constructed the board walk or when it was constructed, the record is silent, save it can be inferred that it was probably constructed within a very few years following the construction of the building. In 1905, the city constructed a concrete sidewalk along the south side of the street, past the building on a line about five feet therefrom, adjoining the board sidewalk and on the same grade, leaving the board walk undisturbed, at least as to its location. In the spring of 1919, a contractor, evidently working for the then owner of the building, temporarily removed the floor of the board walk, for the purpose of digging a trench down to the foundation of the building and water-proofing the wall of the building up to above the earth line, which work being completed and the dirt put back in the trench at its former level against the wall, the floor of the walk was replaced, leaving the walk in the same and as safe condition as before, its framework not having been disturbed.

In 1921, Scofield first acquired the property, including the building. He never had any knowledge as to who put the walk there, or as to when it was put there, or as to the purpose for which it was put there, other than it appeared to be a street sidewalk. There never have been maintained any openings from the building out to the open space under the walk, nor any opening in the surface of the walk, nor any use made of the open space under the walk by Scofield or anyone else. Of course, it cannot be said that the temporary excavation for the water-proofing of the wall in 1919 was the making of any use of the open space under the walk, in the sense of maintaining the walk for any purpose in connection with the use of the building. That was a mere temporary removal of the floor of the walk to facilitate what may be termed a repair of the building, and manifestly did not in the least impair the safety of the walk. In March, 1924, the walk had somewhat deteriorated, apparently solely because of its age. It was then that Taylor, while walking up the concrete walk, casually stepped aside onto the board walk at a point some 25 feet above the avenue, and, in doing so, stepped into a hole in the walk and suffered the injury for which he sued the city and recovered a judgment against it in the sum of $800.

[1] . The evidence being silent as to who constructed the board walk; silent as to the purpose of its construction, except as it appears to be a street sidewalk; silent as to its being maintained in any respect to facilitate the use of the space under it in connection with the ownership of the building; and, especially, the evidence conclusively showing that Scofield never had anything to do with the construction or maintenance of the walk; argues, it seems to us, conclusively that Scofield is not liable for any injury received by Taylor, either to him

or the city. The trial court seems to have proceeded upon the theory that, because Scofield is the owner of the abutting property, he is, because of his not maintaining the walk in a safe condition, liable for Taylor's injury; or, because, in addition to such ownership, the former owner of the abutting property did the above noticed work in 1919, and, in doing so, temporarily removed and replaced the floor of the walk; the court seeming to regard this work as making some use of the walk in connection with the use of the building.

It seems to us the law is plain that the mere ownership of the abutting property could in no event render Scofield liable for the proper maintenance of the walk, and equally clear that the performance of the work in 1919 by the then owner of the building, Scofield's predecessor in interest, was not the making of any use of the walk in connection with the use of the building, it being only a temporary removal and replacing of the floor of the walk; even if it be conceded, which we think it cannot be, that Scofield, as the successor in interest of such owner, would be liable for private use then made of the walk. This case, it seems to us, falls clearly within well-settled law. In 4 Dillon's Municipal Corporations (5th ed.), § 1729, we read:

"Before the lot-holder can be held responsible, there must appear some neglect of a legal duty on his part, or he must have trespassed upon the sidewalk by obstruction upon the surface, made excavation beneath, or done some act rendering the same unsafe, and such negligence, obstruction, excavation, or act must have caused the injury."

A good statement of the law upon this subject, applicable to these facts, is found in the decision of the supreme court of Missouri in *Lucas v. St. Louis & S. R. Co.*, 174 Mo. 270, 73 S. W. 589, 61 L. R. A. 452, as follows:

"All of the adjudicated cases wherein a citizen has been held liable for an obstruction or nuisance in a highway have been cases where the person held liable placed the obstruction or nuisance on the highway, or was under some duty to remove it. *Schweickhardt v. St. Louis,* 2 Mo. App. 571; *Waltemeyer v. Kansas City,* 71 Mo. App. 354; *Donoho v. Vulcan Iron Works,* 75 Mo. 401; *Wiggin v. St. Louis,* 135 Mo. 558, 37 S'. W. 528; *Grogan v. Broadway Foundry Co.,* 87 Mo. 321; *Merrill v. St. Louis,* 83 Mo. 244, *loc. cit.* 255, 53 Am. Rep. 576; *Campbell v. Pope,* 96 Mo. 468, 10 S. W. 187. Of course, if one creates the nuisance, and another adopts it, and continues it, and keeps it up, as where one constructs a coal hole in a sidewalk, and another uses it and maintains it, both are liable. *Merrill v. St. Louis,* 83 Mo. *loc cit.* 255, 256, 53 Am. Rep. 576."

Our own decision in *Watson v. Webb,* 28 Wash. 580, 68 Pac. 1044, is in full harmony with this view of the law. This, plainly, is not a case wherein the owner of abutting property is maintaining a sidewalk structure in some particular condition with a view of using the area thereunder in connection with the use of his abutting building, such as a trap door or a coal hole with a cover in the surface of the walk, as was drawn in question in *Seattle v. Puget Sound Improvement Co.,* 47 Wash. 22, 91 Pac. 255, 125 Am. St. 884, 12 L. R. A. (N. S.) 949, and *Spokane v. Fisher,* 106 Wash. 378, 180 Pac. 139.

The judgment is reversed, and the cause remanded to the superior court with directions to dismiss the same with prejudice as against the city.

TOLMAN, C. J., MACKINTOSH, MAIN, and MITCHELL, JJ., concur.