## CAROLINE EDWARDS *vs.* WASHINGTON TERRITORY.

An accessory before the fact is not a competent witness on behalf of the prisoner.

The statutes of 1862–3 relative to witnesses and evidence do not alter the rule of the common law in this respect.

When a fact has been established in the course of the trial beyond all controversy, it is not error for the judge, in charging the jury, to mention it as a fact in the case.

It is not error to submit to the jury the written charge of the judge in the case, nor to permit the jury to take to their jury-room a copy of the statutes of the Territory.

The Court is always deemed open for purposes connected with a cause submitted to the jury.

It was not error to place the jury in charge of a sworn officer of the Court, who had been called upon to testify for the Territory upon the trial.

Allowing one or more jurors to retire from the jury-room, for a necessary purpose, under the direct supervison of the officer, is not regarded a separation of the jury.

Error to First Judicial District:

Opinion by WYCHE, Associate Justice.

The plaintiff in error was indicted for murder in the first degree in killing her husband, Wm. T. Edwards, convicted and sentenced to be hung, and prosecutes now this writ of error.

The errors assigned will be briefly examined. The first error assigned is the refusal of the Court to permit Jack Tisk to testify on behalf of the plaintiff in error.

Jack Tisk was indicted as accessory before the fact to the murder of Wm. T. Edwards in having counseled and advised the plaintiff in error to the commission of the crime. An accessory before the fact is not a competent witness on behalf of the principal, on the trial of the principal. Russell on Crimes, vol. 2, page 977; Greenleaf on Ev., vol. 1, Secs. 403–407 and vol. 3, Sec. 46; Wharton's American Crim. Law, page 71, *Commonwealth vs. Lewis Marsh & Barton*, Leading Crim. Cases, (Bennett & Hard) page 124.

The conviction of the principal, if not conclusive evidence, is *prima facie* evidence of the guilt of the accessory and an acquittal of the principal enures to the accessory's discharge. *Commonwealth vs. Knapp*, 10 Pickering, page 484; 2 Russ. on Crimes, 977.

It is contended, however, that this rule of evidence, has been detroyed by our statutes, and the Sections relative to witnesses and evidence in criminal procedure, page 320, W. T., Stat. 1863 and the Sections relative to witnesses and evidence in civil procedure, page 154, W. T., Stat. 1863, have been cited in proof of this position.

Conceding that the competency of witnesses and the rules of evidence are to be determined by the same test as far as applicable, both in criminal and civil cases, it is yet believed that interest of an accessory before the fact on the conviction, or acquittal of the principal is so direct and immediate within the meaning of Sec. 328, page 154, W. T. Stat. 1863, as to render him incompetent.

The rule of evidence excluding an accessory from testifying on behalf of the principal is founded on good reason and sound policy, and ought not to be destroyed on any latitudinarian construction of the Statute.

It is alleged that the Court erred in stating to the jury that there could be no question, but that the deceased came to his death by some other hand than his own, and that this was a fact that should have been left to the jury. The proof showed that the deceased came to his death by a gun-shot wound in his back, and hence the infliction of the wound by his own hands was a physical impossibility, and there was no question or controversy on that point. It was therefore no error for the Court to make a statement in reference to a fact about which there was and could be no controversy. U. S. Digest vol. 5, page 240; Bush Rep'ts. vol. 5, page 210.

All the instructions asked by the counsel for the prisoner were given, and the charge of the Court is in writing and before this Court, and is a full and fair statement of the law and takes no proper matter of fact from the consideration of the jury.

It is alleged the Court erred in receiving the verdict improperly. The record shows that upon the conclusion of the trial and the commission of the case to the jury, the Court adjourned till 9 A. M. of the next day and that the jury agreeing upon a verdict, that night, the same was received in Court, in presence of the prisoner and her counsel, and before the meeting of the Court at 9 A. M. of the next day. There is no error in this. The Court is deemed always open for purpose connected with the cause submitted to the jury. W. T. Stat.; page 125, Sec. 213, Stat. 1863.

Errors are alleged in permitting the jury to take with them the statutes of the Territory, and the instructions of the Court in permitting Hannegan, one of the bailiffs of the Court, and who was a witness in the case, to have the charge of the jury, in permitting a separation of the jury, and in the alleged fact that the officer having charge of the jury, was not a sworn officer in the case. The jury had a right to the instructions given, and to a copy of the statutes. The record shows that the officer having charge of the jury, was a sworn officer of the Court, and Hannegan was not a prosecuting witness within the meaning of the law excluding prosecuting witness from having the charge of a jury and the affidavits of the officers having charge of the jury show that the only separation was a retirement of a couple of jurors at the call of nature and then under the eye and supervision of the proper officer.

The errors assigned have all been considered by the Court, and it is believed no substantial right was denied to the plaintiff in error in the Court below. Under Sec. 275, page 331, W. T. Stat. 1863, judgment shall be given in this Court without regard to any errors which do not affect the substantial rights of the defendant.

Thou shalt do no murder, is the law alike of God and man, and while the criminal law should be administered in mercy it should not be so administered as to destroy its efficacy, and to leave human life at the merciless mercy of the murderer and and assassin.

Judgment affirmed.