[No. 11657.   Department Two.   September 22, 1914.]

BOUTON-PERKINS LUMBER COMPANY, *Respondent*, v.
FRANK L. HUSTON *et al.*, *Appellants*.[1]

TRIAL—NONSUIT—WAIVER OF MOTION.  A motion for nonsuit is waived where defendants did not stand upon their motion, but introduced further evidence.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS.  In an action for damages for negligently permitting a fire, started by a donkey engine, to spread to plaintiff's sawmill, the giving of an instruction in accordance with Rem. & Bal. Code, § 5284, that it was unlawful during the closed season for any person who shall start a fire in any manner upon forest lands not his own to leave the same unquenched, is not prejudicial error in that the jury were, in effect, told that it would be unlawful to start a fire in any manner and leave it unquenched, even though started without negligence and for a lawful purpose, and though there was no negligence in failing to quench it, where, taken in connection with other instructions, the jury clearly understood that recovery could only be predicated on defendant's negligence in starting or in failing to quench the fire.

NEW TRIAL—GROUNDS—MISCONDUCT OF JURY.  A new trial will be granted for misconduct of the jury, in an action for damages for negligently permitting a fire started by a donkey engine to spread to plaintiff's sawmill, where it appears that the jury, after agreeing upon a verdict for plaintiff, but before arriving at the amount of damages to be awarded, read and discussed a pamphlet purporting to contain the forest protection laws of the state, it not being shown that defendants were connected in any way with the misconduct; since, under Rem. & Bal. Code, §§ 342, 343, the jury are the judges of the facts alone, while it is the duty of the court to decide all questions of law.

Appeal from a judgment of the superior court for Clarke county, Back, J., entered May 15, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Reversed.

*Miller, Crass & Wilkinson*, for appellants.

*Ralph A. Coan*, and *McMaster, Hall & Drowley*, for respondents.

[1]Reported in 143 Pac. 146.

CROW, C. J.—Plaintiff was the owner of a sawmill located on what is known as Bell mountain, in Clarke county, together with machinery and equipment for its operation.   On August 24, 1910, plaintiff's property was destroyed by a fire started by defendants, who, on August 11, 1910, were moving a donkey engine by its own power.   It is alleged that the engine was not equipped with a suitable spark arrester, and that, by reason thereof, a fire was started, which defendants negligently permitted to spread.   A verdict was rendered in plaintiff's favor, upon which judgment was entered.   The defendants have appealed.

Appellants contend that the trial court erred in denying their motion for a nonsuit.   They did not stand upon their motion, but introduced further evidence.   An examination of the entire record convinces us that the case was rightfully submitted to the jury.

Error is assigned on the 15th instruction, which reads as follows:

"You are instructed that by the laws of the state of Washington it is unlawful during the closed season, from the first day of June to the first day of October in each year, for any person who shall start a fire in any manner upon forest lands, not his own, to leave same unquenched."

There is no contention that the alleged fire, which was started upon forest lands not belonging to appellants, was purposely started by them.   On the contrary, the alleged starting of the fire is conceded to have been unintentional and accidental, even though it may have been caused by appellant's negligence.   Appellants argue that the instruction is erroneous and prejudicial for the reason that, in giving it, the trial judge, in substance and effect, told the jury that if appellants started the fire, either intentionally or accidentally, with or without negligence, or in any manner whatever, and failed to quench it, they would be liable for resulting damages, even though with diligence and vigor they made every possible and reasonable effort to quench it.   In giving

this instruction, we assume the trial judge had in mind a portion of Rem. & Bal. Code, § 5284, which reads as follows:

"During the closed season any person who shall kindle a fire on land not his own in or dangerously near any forest and leave same unquenched or who shall be a party thereto, or who shall by throwing away any lighted cigar, matches or by use of firearms or in any other manner start a fire upon forest lands not his own and leaves same unquenched shall upon conviction be fined not less than ten dollars nor more than one hundred dollars or be imprisoned in the county jail not exceeding two months."

There seems to be some room for appellants' criticism of this instruction. Standing alone, it might possibly be construed as imposing a greater liability than the statute warrants, as it in effect tells the jury that it would be unlawful for a person to start a fire in any manner and leave it unquenched, even though the fire may have been started without negligence and for a lawful purpose, and the party may have been guilty of no negligence in failing to quench it. In the light, however, of other instructions, by which it was made to clearly appear that respondents could only predicate a recovery on appellants' negligence in starting or in failing to quench the fire, we are constrained to hold that the giving of the instruction was not prejudicial.

In support of their motion for a new trial, appellants introduced affidavits of several jurors which disclosed the fact that, while the jurors were deliberating upon their verdict, one of them produced a pamphlet which purported to contain the forest protection laws of this state, and that portions of the pamphlet were read and commented upon. These affidavits were controverted, but the conceded facts are that the pamphlet was produced in the jury room after eleven of the jurors had agreed to return a verdict for respondent, but before they had completed their deliberations as to the amount of damages to be awarded, and that the pamphlet was read and openly discussed by some of the jurors. The affidavits are conflicting on the question whether the pamphlet in-

fluenced some of the jurors in reaching their verdict. The pamphlet, as stated, purported to contain the forest protection laws of this state for the year 1911, and it appeared that a portion of the laws therein contained were not in force at the time of the fire, but were enacted at a later date. As an illustration of such later enactments, the following section, which appeared in the pamphlet, may be noted:

"Everyone operating a locomotive during the closed season shall have a man whose duty shall be to follow each logging locomotive, except a locomotive using oil for fuel, for the purpose of acting as fire patrol, the said man to begin the said patrol at approximately thirty minutes after the starting of the logging locomotive, which it is his duty to follow."

Then follows the penalty attached for the failure to comply with this section.

It appears from the affidavits that this particular section was read and commented upon during the deliberations of the jury as to the amount of damages. Another section appearing in the pamphlet provides that the closed season shall be from June to September, inclusive. The fire of which respondent complains occurred in the month of August. In this jurisdiction the jury are the exclusive judges of the facts, while it is the duty of the court to decide all questions of law. Rem. & Bal. Code, §§ 342, 343 (P. C. 81 §§ 593, 595). It is the duty of the jury to accept and follow the law as stated by the court. Upon the effect of a jury consulting statutes during their deliberations, we find but one case in this jurisdiction. In *Edwards v. Washington Territory*, 1 Wash. Terr. 195, it is said:

"Errors are alleged in permitting the jury to take with them the statutes of the territory and the instructions of the court. . . . The jury had a right to the instructions given, and to a copy of the statutes."

No argument is made, nor are any authorities cited, in support of this announcement. The authorities upon this

exact point are far from numerous. All the cases we have been able to find hold it to be prejudicial error, or misconduct requiring a new trial, for a jury to consult law books while deliberating on their verdict. *Merrill v. Nary*, 10 Allen (Mass.) 416; *Griffin v. Bartlett*, 58 N. H. 141; *Harrison v. Hance*, 37 Mo. 185; *State v. Smith*, 6 R. I. 33; 29 Cyc. 808. In *Merrill v. Nary, supra*, the trial judge allowed the jury to have a copy of the general statutes while they were deliberating on their verdict, and the appellate court said:

"Indeed, we know of no method that could be adopted which would more effectually tend to confuse the minds of jurors and to mislead them in the proper discharge of their duty, than to permit them to read or refer to law books during their consultations for the purpose of ascertaining the rules of law which were applicable to the cases which are submitted for their determination. Nor are we able to see that there would be any difference in this respect whether the books which they were allowed to read were treatises, or books of reports, or volumes of statutes. The latter are often quite as difficult to interpret and apply as are the rules and principles contained in the former."

In *State v. Smith, supra*, the jury, through the bailiff, procured a copy of the revised statutes for use in their deliberations. In granting a new trial, the court said:

"Here the jury sent for and obtained the book they wanted for use, ignorant no doubt, of the impropriety of so doing, without the knowledge of the court, or of the defendant, or of his counsel, or of the attorney general; receiving, as it were, their instruction in the matter of law, not only from a source not open to them as jurors, but secretly, in the absence of parties and counsel, and without those checks and guards which the law places about trials for the security of the rights involved in them."

So far as we have been able to discover, the rule announced in *Edwards v. Washington Territory, supra*, stands without supporting authority, except in those jurisdictions where in criminal cases the jury are judges of both the law and the facts. In *Gallagher v. Buckley*, 31 Wash. 380, 72 Pac. 79,

where an opinion of this court was read to the jury during the progress of the trial, we said:

"It is sufficient to say that the practice of reading from law books to the jury, in jurisdictions where the jury are the judges of the facts alone, and must accept the law as given by the court, is generally criticized and even condemned. It has been often held to be reversible error. We do not approve the practice, and yet we are not prepared to say that a case should be reversed for that reason alone, unless it is manifest that prejudicial effects resulted therefrom."

It would seem that if reading an opinion to the jury during the progress of a trial should be criticized and condemned, it would certainly be misconduct and prejudicial error for a juror to produce in the jury room, and for some of the jurors to read, a pamphlet such as the one above mentioned.

Respondent, citing *State v. Wilson*, 42 Wash. 56, 84 Pac. 409, contends that appellants cannot complain of the juror's misconduct, for the reason that there is no affirmative showing that they (appellants) were not responsible for, or connected with, such misconduct. In the case cited, it was held that, upon a motion for new trial on the ground that an attempt had been made to bribe a juror in the interests of the moving party, such moving party must show by affidavit that he had no knowledge of, or connection with, the attempt at bribery. It was there apparent that the misconduct was in the interest of the unsuccessful and moving party, who was asking relief because of an attempt at bribery in his favor. We rightfully held that it should appear that he was in no way connected with the misconduct. Similar facts do not appear in this case. The misconduct was not in appellants' interest. The pamphlet was prejudicial to them, and favorable to respondent.

Some contention is made by respondent that the jury, having determined to hold appellants liable for damages, and the pamphlet not having been produced or considered until

after such determination, the misconduct was not sufficiently prejudicial to warrant a new trial. There are numerous cases which hold that objectionable matters coming before the jury after it has agreed upon a verdict do not constitute grounds for a new trial. In the instant case, the jury were deliberating upon the amount of the verdict when the objectionable matter came before it, and we fail to see how an agreement to hold a party liable, without any completed agreement as to the amount of damages to be awarded, can amount to a verdict.

The judgment is reversed, and the cause remanded with instructions to grant a new trial.

MOUNT, MORRIS, and PARKER, JJ., concur.